## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
### AT NASHVILLE
### MAY SESSION, 1997

FILED

July 31, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **No. 01C01-9608-CR-00352** |
| | ) | |
| Appellee | ) | |
| | ) | **DEKALB COUNTY** |
| vs. | ) | |
| | ) | **Hon. JOHN TURNBULL, Judge** |
| **JIMMY L. REEDER,** | ) | |
| | ) | **(DUI)** |
| Appellant | ) | |

For the Appellant:

**HUGH GREEN**
100 Public Square
Lebanon, TN 37087

For the Appellee:

**CHARLES W. BURSON**
Attorney General and Reporter

**PETER M. COUGHLAN**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**WILLIAM EDWARD GIBSON**
District Attorney General

**ANTHONY CRAIGHEAD**
Asst. District Attorney General
145 South Jefferson
Cookeville, TN 38501

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

**David G. Hayes**
Judge

OPINION

The appellant, Jimmy L. Reeder, appeals as of right from his conviction for driving while under the influence. The appellant's sole issue is whether the evidence presented at his bench trial in the DeKalb County Circuit Court was sufficient as a matter of law to support his conviction.

After reviewing the record, we affirm the trial court's judgment pursuant to Rule 20, Tenn. Ct. Crim. App. R.

On March 10, 1995, the appellant, a commercial truck driver, drove his eighteen wheeler along his usual route from Los Angeles to Nashville. While en route, his driving partner became ill requiring the appellant to drive approximately sixteen hours. He had slept only two hours in a twenty-four hour period. When he reached Memphis at around 2:00 p.m., he stopped at a restaurant and had a buffet meal. He then continued on to Nashville. After arriving, the appellant drove to his home in Smithville, changed clothes and drove to the AmVets Lodge. He entered the Lodge at about 6:00 p.m. He consumed two or three beers in the space of one hour and a half. After complaining of exhaustion, the appellant left the Lodge. On his way home, he grew sleepy and pulled into a public parking lot. Around midnight, the assistant manager at a local grocery store saw the appellant slumped in his car. The clerk called the police. When the two officers arrived, the appellant was lying sideways in his car. There were both empty and full beer cans laying on the floorboard. The keys were in the ignition, the car was running, and the vehicle's headlights were on. Officer Olson, with the Smithville Police Department, attempted to arouse the appellant. After several attempts, the appellant staggered out of the car. Both Officers Olson and Billings stated that the appellant smelled of alcohol. He could not stand straight, his eyes were bloodshot, and his speech was slurred. The

2

appellant admitted to the policemen that he had had a few drinks. Officer Olson then requested that he take various field sobriety tests. The appellant was unable to recite the alphabet; when requested to touch his nose, he touched his cheek. Finally, the officer observed that the appellant was unable to walk a straight line. At this point, the appellant was placed under arrest. Following his arrest, the officer requested that the appellant submit to a blood test. The appellant, a former Marine, refused the test stating that he was afraid of needles.

At the conclusion of the bench trial, the trial judge found the appellant guilty of driving under the influence and for violating the implied consent law. The appellant was sentenced to 11 months and 29 days with all time suspended except for two days for his DUI conviction. In addition, the court fined him $350 and suspended his driving privileges for one year.

When reviewing a trial court's judgment, the appellate court will not disturb a verdict of guilt unless the facts of the record and inferences which may be drawn from it are insufficient as a matter of law for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Tuggle, 639 S.W.2d 913,914 (Tenn. 1982). In other words, this court will not reevaluate or reweigh the evidence brought out at trial. It is presumed that the judge or jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542,547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978); State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Since a verdict of guilt removes the presumption of a defendant's innocence and replaces it with a presumption of guilt, the defendant has the burden of proof on the sufficiency of the evidence at the appellate level. Grace, 493 S.W.2d at 476.

The elements of driving under the influence are: (1) driving or being in physical control of a motor vehicle (2) upon any premises frequented by the public at large while (3) under the influence of an intoxicant or drug. Tenn. Code Ann. § 55-10-401 (1993 Repl.); State v. Ray, 563 S.W.2d 454, 459 (Tenn. Crim. App. 1988). The offense of drunk driving may be established by circumstantial evidence. State v. Gilbert, 751 S.W.2d 454, 459 (Tenn. Crim. App. 1988). In this case, the appellant challenges only the finding that he was under the influence of an intoxicant at the time of his arrest . Based upon careful consideration of the evidence, the trial court found that the appellant was under the influence of alcohol. We agree. The evidence in the record before us more than amply supports the appellant's conviction for driving under the influence.

In conclusion, pursuant to Rule 20, Tenn. Ct. Crim. App. R., we hold that the evidence is sufficient to find the appellant guilty beyond a reasonable doubt, and we, therefore, affirm the trial court's judgment.

_____
DAVID G. HAYES, Judge

CONCUR:


_____
PAUL G. SUMMERS, Judge


_____
JERRY L. SMITH, Judge